
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SWEDISH HEALTH SERVICES, a Washington nonprofit corporation, | ) ) ) | No. 71258-6-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| DEPARTMENT OF HEALTH OF THE STATE OF WASHINGTON, | ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) ) | FILED: December 22, 2014 |

BECKER, J. — In Washington's certificate of need process, a healthcare provider cannot show substantial and continuing progress toward the commencement of a project through preparations to begin construction at an unapproved site. In this case, the provider was unable to meet a deadline for requesting an amendment changing the site of its certificated project. And without an extension, any arguments relating to a site-change amendment are moot. The superior court properly affirmed the agency's denial of the provider's request for a site-change amendment.

This dispute arises out of Certificates of Need 1330 and 1330R, issued by the Department of Health's Certificate of Need Program to Swedish Health Services to build an ambulatory surgery facility in Issaquah, Washington.

Healthcare providers must obtain a certificate of need from the Program in order to build certain types of new healthcare facilities. RCW 70.38.105(4). One type of facility that requires a certificate of need is an ambulatory surgical facility, where surgical procedures not requiring hospitalization are provided. RCW 70.38.105(4)(a), .025(6).

A certificate of need is valid for two years. WAC 246-310-580(1). A project for which a certificate of need has been issued must be commenced during the validity period. WAC 246-310-580(3); RCW 70.38.125(2). One six-month extension may be granted if the certificate holder "can demonstrate that substantial and continuing progress toward commencement of the project has been made." WAC 246-310-580(1). Should the provider wish to make certain changes to the terms of the certificate of need, including changing the location, it must apply to the Program for an amendment. WAC 246-310-570(1)(f).

An applicant denied a certificate or a certificate holder whose certificate is suspended or revoked has a right to an adjudicative proceeding. WAC 246-310-610(1). Adjudicative proceedings are governed by the Administrative Procedure Act. WAC 246-310-610(3). A health law judge presides over this proceeding and issues a final order on the application. See WAC 246-10-102 (definition of "presiding officer"). Judicial review of the health law judge's final order is available under RCW 34.05.514.

On May 26, 2006, the Program issued certificate 1330 to Swedish. Overlake Hospital challenged the issuance of the certificate. Health Law Judge John F. Kuntz was assigned to hear the challenge on behalf of the Department.

2

The adjudicative appeal process ended and, on May 7, 2008, the Department issued certificate 1330R, confirming the approval of certificate 1330.

Swedish requested a stay of the validity period until Overlake's challenge was resolved. On April 6, 2009, Judge Kuntz granted this request. The stay was in effect until October 1, 2010, at which point the two-year validity period began to run on certificate 1330R.

Swedish opened a new hospital in Issaquah on October 27, 2011. And the Program approved three other ambulatory surgery facilities in Issaquah after issuing certificate 1330R to Swedish. Given these developments, Swedish decided that it would be preferable to build an ambulatory surgical facility in Redmond, where there were no ambulatory surgery facilities or hospitals. On May 29, 2012, Swedish asked the Program for an amendment changing the site of certificate 1330R from Issaquah to Redmond, in order to better serve the needs of residents of the East King County planning area. On the same date, Swedish asked the Program to grant a six-month extension of the validity period for certificate 1330R.

On August 30, 2012, the Program denied the request for a six-month extension on the ground that Swedish had failed to demonstrate "substantial and continuing progress" towards commencement of an ambulatory surgery facility in Issaquah.

On September 19, 2012, Swedish requested an adjudicative proceeding to contest the denial of its request for an extension. This request created case

M2012-1076 and brought the extension issue to Judge Kuntz. At this point, there were 12 days left in the validity period for the certificate.

On September 26, 2012, Swedish filed a motion asking Judge Kuntz to toll the validity period as of September 19 during the pendency of his consideration of the request for a six-month extension. Swedish was concerned that after October 1, the Program would dismiss the request for a site-change amendment as moot on the ground that the certificate had expired, even though the six-month extension request would still be pending before Judge Kuntz. Swedish argued that if Judge Kuntz eventually granted a six-month extension, it would be meaningless relief "because the change-of-location amendment will have been denied for no other reason that the validity period has expired."

Swedish's prediction proved accurate. On October 1, 2012, the validity period for certificate 1330R expired. On October 22, 2012, the Program denied Swedish's site-change application on the ground that the certificate had expired.

On November 7, 2012, Judge Kuntz granted Swedish's request for a "tolling order." Prehearing Order 1 in case M2012-1076. This order stated, in relevant part, that "the remainder of the validity period for CN #1330R existing on September 19, 2012, the date Swedish filed its Application for Adjudicative Proceeding in this matter, is tolled from that date until the conclusion of this adjudicative proceeding." The meaning and significance of this tolling order is the central issue in this appeal.

On November 14, 2012, the Program asked Judge Kuntz to reconsider the November 7 tolling order.

On January 9, 2013, Judge Kuntz denied reconsideration of the tolling order. The order denying reconsideration stated that the tolling order was intended only to "maintain the status quo" as of September 19, 2012:

Swedish does have an interest in retaining the September 19, 2012 – October 1, 2012 period. While that limited amount of time may not appear to be substantial, Swedish clearly states it is interested in retaining that time. *The Program correctly states that if Swedish's appeal is successful, it will have proven that it made substantial and continuing progress sufficient to grant its validity extension request, and Swedish will obtain its six-month extension request.*

. . . However, if Swedish's appeal is unsuccessful, Swedish is interested in using the remaining September 19, 2012 – October 1, 2012 period to its fullest extent. Given that the Program denied the site change decision because it had already denied the validity extension, the two decisions remained intermingled. The Presiding Officer reaches no conclusions regarding the likelihood of Swedish's success in such a short period of time. He merely maintains the status quo of the parties as of the date of the September 19, 2012 appeal.

Prehearing Order 4 in case M2012-1076 (emphasis added).

In the meantime, Swedish had asked the Program to reconsider its denial of the application for a site change amendment. On January 15, 2013, the Program, by a letter order, issued a decision denying reconsideration on the ground that the November 7 tolling order did not require the Program to consider the merits of the site-change amendment unless and until Judge Kuntz granted a six-month extension:

Your request for reconsideration of the site change denial is based on your interpretation of Prehearing Order No. 1 in Case # M2012-1076. You contend that the Order "tolled" the validity period from September 19, 2012, *"until the concluding of the adjudicative proceeding"* in Case # M2012-1076. You further contend that the Order "nullifies" the Program's decision on the validity-period expiration, and requires the Program to consider the "merits" of the site-change amendment.

5

However, following your request for reconsideration, the Health law Judge (HLJ), in Prehearing Order #4, reconsidered and clarified Prehearing Order #1. The Reconsideration Order . . . states that, for some unknown reason, Swedish is *"interested in using the remaining September 19, 2012 – October 1, 2012 period to its fullest extent."* Hence, the Reconsideration Order . . . "tolled" the validity for only that 11-day period *"pending the conclusion of the adjudicative proceeding"* in Case # M2012-1076. It <u>did</u> not extend the validity period beyond October 1, 2012.

The Reconsideration Order also made clear that the issue in Case # M2012-1076—whether the validity expired on October 1—remains alive. It concluded . . . that only by proving that it *"made substantial and continuing progress"* may Swedish obtain a six-month extension on CN #1330R. In other words, only by obtaining the extension will Swedish be able to pursue its site change amendment.

In conclusion, the Reconsideration Order does not, through tolling, extend the validity period of the CN #1330R beyond October 1, 2012. Hence, the reason for the Program's denial of the site change amendment—that CN #1330R had expired on October 1 before the amendment could be approved—remains the Program's position. Accordingly, your request for reconsideration of the site change denial is denied.

On February 11, 2013, Swedish filed an application for an adjudicative proceeding to contest the Program's denial of its application for a site-change amendment. This was designated case M2013-278 and was also brought before Judge Kuntz. Swedish immediately moved for summary judgment, asking Judge Kuntz to issue an amended certificate reflecting a change of site from Issaquah to Redmond. On March 1, 2013, the Program cross moved for summary judgment, asking Judge Kuntz to dismiss Swedish's request for an adjudicative proceeding concerning the Program's denial of the site change amendment.

On March 27, 2013, Judge Kuntz granted the Program's motion for summary judgment on the extension request, thereby upholding the Program's denial of the six-month extension.

On April 18, 2013, Judge Kuntz granted the Program's cross motion for summary judgment on the site-change amendment request on the ground that, because the request for a six-month extension was denied on March 27, the site-change amendment issue was moot. On July 1, 2013, Judge Kuntz denied Swedish's request for reconsideration of the April 18 order.

Swedish timely filed requests for judicial review of Judge Kuntz's ruling denying the request for a six-month extension and his ruling denying the site-change request. The two matters were consolidated. On November 12, 2013, the superior court affirmed Judge Kuntz on both matters. Swedish appeals both decisions.

The superior court reviews agency orders in adjudicative proceedings under the Administrative Procedure Act. RCW 34.05.570. We sit in the same position as the superior court when reviewing an agency decision. Multicare v. Dep't of Social & Health Servs., 173 Wn. App. 289, 293, 294 P.3d 768 (2013). The burden of demonstrating the invalidity of the action taken by the Department is on Swedish, as the party asserting invalidity. RCW 34.05.570(1)(a).

*Extension Request*

Swedish argues that Judge Kuntz erred by granting the Program's motion for summary judgment denying the six-month extension. On a motion for summary judgment in an administrative proceeding, the standard is the same as

7

under the civil rules—the agency judge must consider the facts and inferences in the record in the light most favorable to the nonmoving party. See ASARCO Inc. v. Air Quality Coalition, 92 Wn.2d 685, 697, 601 P.2d 501 (1979). Swedish claims that Judge Kuntz did not employ this standard and instead "weighed the evidence submitted by the Program against the evidence Swedish submitted and made a factual determination that Swedish failed to demonstrate progress entitling it to an extension." Br. of Appellant at 28-31.

When a properly supported motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. White v. Kent Med. Ctr., Inc., 61 Wn. App. 163, 171, 810 P.2d 4 (1991). The question is whether a finder of fact could conclude that the specific facts set forth by Swedish demonstrated substantial and continuing progress toward the project for which the certificate of need was issued.

"Substantial and continuing progress" is a term of art defined by the regulations. "In the case of a project involving construction, substantial and continuing progress shall include one of the following: (a) when review and approval by the department of the final plans for construction is required, the submission of working drawings; (b) when plan approval is not required by the department, receipt of copies of the working drawings for construction; or (c) in the event working drawings have not been submitted, the applicant must demonstrate that he or she has made continuous progress toward commencement of the project." WAC 246-310-580(2).

On appeal, Swedish summarizes the evidence of progress, in addition to some preliminary work done on the floor plan and design for the Issaquah location, as including the evaluation and analysis leading to the request to change the location to *Redmond*:

> This work included, without limitation: preparation of the floor plan for the approved location; preparation of the functional program for the approved location; an agreement with the architect to finalize the design for the approved location; meeting with the Department's Construction Review Services ("CRS") regarding the approved location; further communications with CRS regarding the approved location; discussions with the surgeons who would practice at the facility; continuing evaluation of the location of the approved facility, leading to Swedish's ultimate decision to request a change of location from Issaquah to Redmond; communication with the landlord at the proposed new location; analysis of the proposed new location to ensure it meets all specifications and requirements; and the application to change the location from Issaquah to Redmond.  AR-I at 882-84 & 902-04.

Br. of Appellant at 10 n.3.

Judge Kuntz determined that Swedish did not demonstrate substantial and continuing progress toward the commencement of the *Issaquah* project between October 1, 2010, and September 19, 2012.

> The Program's Motion contends that Swedish has not demonstrated that it has made substantial and continuing progress toward the commencement of the Issaquah ASC project.  Swedish disagrees with the Program's Motion.  The Program meets its initial burden by providing Progress Reports completed by Swedish in which Swedish states it does not have an approved design document and in which Swedish states it does not have an anticipated date for the commencement of the Issaquah/Lake Sammamish ASC project.
> . . . Based on the totality of the evidence provided, there is no genuine issue of material fact regarding Swedish's actions.  Specifically, the evidence provided shows that Swedish has not demonstrated substantial and continuing progress toward the commencement of the Issaquah ASC during the period October 1, 2010 to September 19, 2013 (the date it filed its Application for

Adjudicative Proceeding with the Adjudicative Service Unit). The Program's Motion is granted.

Judge Kuntz properly recognized that under the regulations, progress toward commencing the construction of an ambulatory services facility at a particular location is not shown by evidence of progress toward constructing such a facility at a different location. Swedish argues in conclusory fashion that the evidence of progress was "contradictory" but does not identify specific facts showing substantial and continuing progress toward building an ambulatory surgery facility in Issaquah. Thus, Swedish has not carried its burden of demonstrating the invalidity of Judge Kuntz's decision to deny the six-month extension.

*Site-Change Application*

We now come to the effect of the November 7 tolling order. Swedish contends that the tolling order extended the validity period of certificate 1330R for approximately 6 months—from the original expiration date of October 1, 2012, until the end of the adjudicative proceeding on the extension denial on March 27, 2013, plus the 12 additional days. Br. of Appellant at 23-28. In Swedish's view, the certificate remained valid throughout that period, and in case M2013-278, Judge Kuntz should have ordered the Program to approve the site-change amendment or at least to consider it on the merits. Swedish believes that if the Program had considered the site-change amendment on the merits and approved it while the extension request was pending before Judge Kuntz, there was enough time for Swedish to commence work on the facility planned for Redmond.

10

The November 7 tolling order would have forced the Program to consider Swedish's application for site change on the merits *if* Swedish had obtained a six-month extension in case M2012-1076. But on March 27, 2013, Judge Kuntz upheld the Program's denial of the six-month extension request. Without an extension, Swedish could not commence the project at any site. Recognizing this, on April 18, 2013, Judge Kuntz dismissed Swedish's appeal of the Program's refusal to consider a site-change amendment in case M2013-278 as moot.

Because we affirm Judge Kuntz's summary judgment denying Swedish an extension in case M2012-1076, we necessarily affirm his ruling dismissing the appeal in case M2013-278 as moot.

Swedish asserts that it is the victim of a procedural quandary. Swedish argues that the Program's refusal to grant the request for a six-month extension was to put Swedish in "an impossible procedural situation," where Swedish had to either commence its project at the Issaquah site or allow certificate 1330R to expire "without having its site-change request ever evaluated on its merits."

Swedish developed a hospital in Issaquah during the validity period of certificate 1330R and was aware that an ambulatory surgical facility there was no longer needed. But Swedish did not apply for a site-change amendment until five months before the certificate expired. If there was a procedural quandary, Swedish—not the Program—is responsible for it.

Affirmed.

WE CONCUR:

Becker, J.

Trickey, J

Jan, J